**Eddie O'DONNELL, Appellant,**

v.

**STATE of Tennessee, Appellee.**

Court of Criminal Appeals of Tennessee, at Knoxville.

Nov. 10, 1993.

No Permission to Appeal Applied for to the Supreme Court.

Donald R. Coffey, Pryor, Flynn, Priest & Harber, Knoxville, for appellant.

Charles W. Burson, Attorney General and Reporter, Amy L. Tarkington, Assistant Attorney General, Criminal Justice Division, Nashville, Charles E. Hawk, District Attorney General, D. Roger Delp, Assistant District Attorney General, Kingston, for appellee.

## OPINION

SUMMERS, Judge.

Appellant, Eddie O'Donnell, presents an appeal as of right from a judgment entered by the Criminal Court of Roane County dismissing his petition for post-conviction relief. The trial court found appellant's petition to be time barred pursuant to T.C.A. § 40–30–102. On appeal, appellant contends that the court erred in dismissing his petition because his claim for relief did not arise until after the time period provided by the statute of limitations.

The appellant was convicted of first-degree murder and sentenced to life imprisonment in 1980. This Court affirmed the judgment of the trial court, and the Tennessee Supreme Court denied his application to appeal in 1981. Appellant filed this petition for post-conviction relief on November 2, 1992.

■ T.C.A. § 40–30–102 provides that a petitioner must seek relief under the Post–Conviction Procedure Act within three years of the date of the final action of the highest state appellate court to which an appeal has been taken. This amendment became effective on July 1, 1986. Our Court has found that petitions that would have been summarily cut off by this statute begin the running of their limitations period on that date. *State v. Masucci*, 754 S.W.2d 90 (Tenn.Crim.App. 1988). Thus, appellant had until July 1, 1989 in which to file his post-conviction petition. Appellant's petition was filed beyond the time period provided.

Appellant, nevertheless, contends that his claim for relief did not arise until the passage of the 1989 Criminal Sentencing Reform Act. Specifically, he alleges that his right to equal protection and due process has been violated by the enactment of the 1989 Act. He further alleges that as a result of the 1989 Act, his sentence constitutes cruel and unusual punishment. Appellant maintains that the statute of limitations should be tolled until the effective date of the Sentencing Act, November 1, 1989, because his claim for relief did not arise until that date. *See Burford v. State*, 845 S.W.2d 204 (Tenn.1992).

■ In *Burford*, our Supreme Court held that while the Post–Conviction Procedure Act complies with due process, under certain circumstances, application of the statute may not afford a reasonable opportunity to have the claimed issue heard and decided. 845 S.W.2d at 208. Under such circumstances, a petitioner may be entitled to relief outside of the time limits provided by the statute of limitations. *Id.*

■ Even if we agree with appellant that the post-conviction statute of limitations does not afford him a reasonable opportunity to have his claim heard, we still find that he is entitled to no relief. He did not file his petition until November 2, 1992, more than three years from the time that he argues his claim arose. Appellant is only entitled to a reasonable opportunity to have his claims heard. The three-year statute of limitations provides a reasonable opportunity for the presentation of post-conviction claims. Certainly, appellant is entitled to no longer in this instance. As the Court in *Burford* stated, "it would be helpful in such instances for the legislature to adopt a *shorter statute of limitations* for later arising grounds providing such a reasonable opportunity." 845 S.W.2d at 208 (emphasis added).

We find that appellant failed to present his claim within a reasonable period of time. This issue is without merit.

The judgment of the trial court is affirmed.

SCOTT, P.J., and WHITE, J., concur.