**Ronald WATT, Appellant,**

v.

**STATE of Tennessee, Appellee.**

Court of Criminal Appeals of Tennessee, at Knoxville.

Oct. 13, 1994.

Permission to Appeal Denied by Supreme Court Feb. 6, 1995.

Joe H. Walker, Public Defender, Walter B. Johnson, II, Asst. Public Defender, Harriman, for appellant.

Charles W. Burson, Atty. Gen. & Reporter, Christina S. Shevalier, Asst. Atty. Gen.,

**308**

Crim. Justice Div., Nashville, Charles E. Hawk, Dist. Atty. Gen., Frank Harvey, Asst. Dist. Atty. Gen., Kingston, for appellee.

## *OPINION*

WELLES, Judge.

The Defendant, Ronald Watt, appeals as of right the trial court's order dismissing his petition for post conviction relief, holding same was barred by Tennessee Code Annotated Section 40–30–102. We affirm the judgment of the trial court.

On April 17, 1980, the Defendant, upon a plea of guilty, was convicted of two counts of Armed Robbery, two counts of Arson, and two counts of Concealing Stolen Property. His sentences were to run concurrent with a federal sentence which he was serving at the time he entered the guilty pleas in state court. He was returned to federal custody, was subsequently released, and according to his petition, never returned to Tennessee.

On February 7, 1992, the Defendant was convicted upon a jury verdict of bank robbery in federal district court in Michigan. On July 17, 1992, the Defendant alleges that the Tennessee convictions were relied upon by the United States District Court in Michigan to enhance the Defendant's sentence for the bank robbery.

On June 17, 1993, the Defendant filed a petition for post conviction relief in the Criminal Court for Roane County, Tennessee, the court of his original convictions. His petition alleges that his Tennessee convictions should be set aside because his constitutional rights were violated during the guilty plea process. He alleges that at the time he entered his guilty plea, the trial court did not comply with the requirements set forth in *Boykin v. Alabama*, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969) and *State v. Mackey*, 553 S.W.2d 337 (Tenn.1977).

After the petition for post conviction relief was filed, the trial court appointed counsel for the Defendant. The State filed a motion to dismiss the petition on the grounds that the statute of limitations had expired. After hearing arguments of counsel on the motion to dismiss, the trial court, without conducting an evidentiary hearing, dismissed the petition

as barred by the three-year statute of limitations. It is from this order that the Defendant appeals.

On this appeal, the Defendant first argues that the three-year statute of limitation does not apply to him, because he is not a prisoner "in custody" under sentence of a court of this state. Second, he argues that if the statute of limitations does apply to him, its application violates his right to due process.

The statute of limitations applicable to post conviction relief petitions reads as follows:

A prisoner *in custody* under sentence of a court of this state must petition for post-conviction relief under this chapter within three (3) years of the date of the final action of the highest state appellate court to which an appeal is taken or consideration of such petition shall be barred. (Tenn.Code Ann. § 40–30–102) (Emphasis added).

■ The three-year statute of limitations was incorporated into the above referenced statute effective July 1, 1986. Prior to that date, there was no statute of limitations on the filing of petitions for post-conviction relief. During that time, the State often defended post-conviction actions by taking the position that a petitioner was not "in custody." The petitioner, thus, had no standing or right to bring such a petition, and there was no danger that the petitioner would suffer "any collateral legal consequences." *See Sibron v. New York*, 392 U.S. 40, 57, 88 S.Ct. 1889, 1900, 20 L.Ed.2d 917 (1968). The term "in custody" has been construed to mean "any possibility of restraint on liberty." *State v. McCraw*, 551 S.W.2d 692, 694 (Tenn. 1977). The Tennessee Supreme Court reaffirmed this liberal interpretation of the term "in custody" in *Albert v. State*, 813 S.W.2d 426, 427 (Tenn.1991). Thus, one could be presumed to be "in custody" so long as there is "any possibility of restraint on liberty," and there is a danger one might suffer "any collateral legal consequences."

■ If the Defendant is not "in custody," as he argues, it appears that he would not have statutory standing to petition for post conviction relief. We do not address this

issue, because it is obvious from the petition filed in the case *sub judice* that the Defendant continues to suffer collateral legal consequences as a result of the convictions he seeks to attack in his petition. These legal consequences have existed continuously since his convictions were entered on April 17, 1980. For purposes of Tennessee Code Annotated section 40–30–102, the Defendant has been and is "in custody."

The 1986 amendment creating the three-year statute of limitations was effective July 1, 1986. This court ruled that the statute of limitations commenced on the effective date of the amendment, July 1, 1986, as to those potential suits yet unfiled. *State v. Masucci,* 754 S.W.2d 90, 91 (Tenn.Crim.App.) *perm. to appeal denied, id.* (Tenn. July 25, 1988). Thus, a person whose judgment became final prior to the effective date of the amendment had three years, until July 1, 1989 [1], to file a petition for post-conviction relief.

We conclude that the statute of limitations is applicable to the Defendant's petition. The petition was filed almost four years after the statute of limitations had run. The Defendant's first argument is without merit.

The Defendant next argues that the application of the statute of limitations violates his right to due process. The Defendant cites *Burford v. State,* 845 S.W.2d 204 (Tenn.1992), to support his argument. In *Burford,* the Tennessee Supreme Court stated that in certain situations, the application of the three-year statute of limitations would be a violation of a person's due process rights. In *Burford,* the Defendant was caught in a procedural trap. *Id.* at 208. He could not challenge his persistent offender sentence until a conviction in another county was declared invalid. *Id.* For this reason, *Burford* was left with only ten months before the statute would run. *Id.* at 209.

The case *sub judice* is distinguishable from *Burford.* The Defendant could have filed this post-conviction petition challenging his convictions at any time from April 18, 1980 until July 1, 1989.

The Defendant argues that he had no practical means or reason to question the Tennessee conviction until the convictions were relied on to enhance a subsequent sentence on July 17, 1992. This argument does not outweigh the legitimate governmental interest in preventing the litigation of stale and groundless claims.

The case *sub judice* is factually and procedurally similar to *Archer v. State,* 851 S.W.2d 157 (Tenn.1993). In *Archer,* the Defendant was incarcerated in Alabama. His sentence in Alabama had been enhanced based on his previous criminal record that included convictions resulting from five 1981 guilty pleas in Tennessee. *Id.* at 158.

In 1990 Archer filed a "Petition for Writ of Habeas Corpus," alleging that the 1981 guilty pleas were not knowingly and voluntarily entered. *Id.* The trial court treated the petition as one for post-conviction relief and dismissed it as time-barred. *Id.*

Although much of the opinion in *Archer* addressed the distinction between *habeas corpus* actions and post-conviction proceedings, Justice Daughtrey, writing for a unanimous Supreme Court, affirmed the trial court's dismissal of the petition based on the statute of limitations. *Id.* at 165.

The Defendant had three full years from July 1, 1986 to file a post-conviction petition. The Tennessee Supreme Court has held that three years is a reasonable amount of time, and therefore, the post-conviction statute of limitations is constitutional and not a violation of Defendant's due process rights. *Burford,* 845 S.W.2d at 208.

We agree with the judgment of the trial court that the instant petition is time-barred. The judgment is affirmed.

SCOTT, P.J., and WALTER C. KURTZ, Special Judge, concur.

---

1. This court has held that because July 1, 1989 was a Saturday, a petition filed on Monday, July 3, 1989 was timely filed. *Hammonds v. State,* C.C.A. No. 967, 1991 WL 46629 (Tenn.Crim. App., Knoxville, filed April 5, 1991).