IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT NASHVILLE

MARCH 1997 SESSION

FILED

October 24, 1997

Cecil W. Crowson
Appellate Court Clerk

| | | |
|---|---|---|
| PERRY T. MILLER, | ) | |
| | ) | |
| Appellant, | ) | No. 01C01-9606-CC-00239 |
| | ) | |
| | ) | Lincoln County |
| v. | ) | |
| | ) | Honorable Charles Lee, Judge |
| | ) | |
| STATE OF TENNESSEE, | ) | (Post-Conviction) |
| | ) | |
| Appellee. | ) | |

For the Appellant:

Perry T. Miller, Pro Se
#87879
CCA/SCCF, P.O. Box 279
Clifton, TN 38425-0279

For the Appellee:

Charles W. Burson
Attorney General of Tennessee
         and
Eugene J. Honea
Assistant Attorney General of Tennessee
450 James Robertson Parkway
Nashville, TN 37243-0493

W. Michael McCown
District Attorney General
P.O. Box 904
Fayetteville, TN 37334

OPINION FILED:_____

AFFIRMED

Joseph M. Tipton
Judge

# O P I N I O N

The petitioner, Perry T. Miller, appeals as of right from the Lincoln County Circuit Court's summary dismissal of his petition for post-conviction relief. The trial court dismissed the petition, concluding that the petition was barred by the statute of limitations and that the grounds alleged in the petition had been waived or previously determined. We affirm the judgment of the trial court.

The petitioner collaterally challenges his 1978 convictions for second degree murder and criminal sexual assault, for which he received consecutive sentences of ninety-nine years. This court affirmed his convictions, see State v. Perry Tyrone Miller, No. 80-82-III, Lincoln County (Tenn. Crim. App. Feb. 3, 1981), and also affirmed the denial of the petitioner's first petition for post-conviction relief. Perry Tyrone Miller v. State, No. 85-267-III, Lincoln County (Tenn. Crim. App. Apr. 7, 1987). The petitioner filed the present petition on January 5, 1996, alleging that the reasonable doubt instruction given at his trial is unconstitutional under Cage v. Louisiana, 498 U.S. 39, 111 S. Ct. 328 (1990).

Because the petitioner's conviction became final before the enactment of T.C.A. § 40-30-102 (repealed 1995), the petitioner had three years from July 1, 1986, to file a post-conviction petition. Sands v. State, 903 S.W.2d 297, 301 (Tenn. 1995); Abston v. State, 749 S.W.2d 487, 488 (Tenn. Crim. App. 1988). The petitioner cites Rickman v. Dutton, 864 F. Supp. 686 (M.D. Tenn. 1994), to argue that he could not have challenged the reasonable doubt instruction given at his trial during this period because the ground for relief was not established. However, Rickman did not create a new constitutional rule that would justify the tolling of the petitioner's statute of limitations, and Rickman is not binding on this court.

2

The petitioner filed the present petition more than five years after the decision in Cage v. Louisiana. Thus, even if it created a new rule of constitutional law, the petitioner has failed to raise the issue in a timely manner. See O'Donnell v. State, 905 S.W.2d 951, 953 (Tenn. Crim. App. 1993) (petition untimely when filed more than three years after ground for relief arose).

The 1995 Post-Conviction Act did not reinstate a filing period for post-conviction cases relative to convictions for which the former three-year post-conviction statute of limitations had already run. Arnold Carter v. State, No. 03-S-01-9612-CR-00117, Monroe County (Tenn. Sept. 8, 1997) (for publication). The petitioner had a reasonable opportunity to bring his post-conviction claim before the enactment of the 1995 Post-Conviction Act, but he failed to do so. The trial court properly dismissed the present petition as being untimely filed.

Moreover, the courts of this state have repeatedly upheld the use of the phrase moral certainty in the context of the reasonable doubt instruction given at the petitioner's trial. See, e.g., Nichols v. State, 877 S.W.2 722, 734 (Tenn. 1994); State v. Sexton, 917 S.W.2d 263, 266 (Tenn. Crim. App. 1995); Pettyjohn v. State, 885 S.W.2d 364, 366 (Tenn. Crim. App. 1994). In consideration of the foregoing and the record as a whole, the judgment of the trial court is affirmed.

_____
_____Joseph M. Tipton, Judge

CONCUR:


_____
Joe G. Riley, Judge


_____
Thomas T. Woodall, Judge

3