IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT NASHVILLE

MARCH 1999 SESSION

FILED

April 16, 1999

Cecil W. Crowson
Appellate Court Clerk

RICKY W. McELHANEY,          )
                             )
        Appellant,           )          NO. 01C01-9806-CR-00247
                             )
VS.                          )          DAVIDSON COUNTY No. C-4396
                             )
STATE OF TENNESSEE,          )          HON. SETH NORMAN, JUDGE
                             )
        Appellee.            )          (Post-Conviction)
                             )
                             )          **AFFIRMED - RULE 20**

## O R D E R

Petitioner, RICKY W. McELHANEY, appeals the trial court's dismissal of his petition for post-conviction relief. In 1979, petitioner pled guilty to attempt to commit a felony.[1]  He received an agreed sentence of one year and one day.  According to petitioner, he was released on this conviction in 1980.

Petitioner received new convictions from the Hamilton County Criminal Court in 1993.  The 1979 conviction was used to enhance punishment by placing petitioner in the Range III sentencing category.  When this happened, petitioner asserts he prepared his first petition for post-conviction relief attacking the validity of the 1979 guilty plea.  That petition was not filed because "the [District] Attorney General return[ed] it . . . stating that it should be filed in Hamilton County." Petitioner then filed an amended petition in Hamilton County which was dismissed for being filed in the wrong court.  Petitioner appealed that dismissal and this Court affirmed, holding the petition should have been filed in Davidson County. Ricky W. McElhaney v. State, C.C.A. No. 03C01-9603-CR-00097, Hamilton County (Tenn. Crim. App. filed May 1, 1997, at Knoxville).  On the basis of that decision, petitioner

---

[1]The record contains conflicting information about this original charge.  The May 28, 1997, petition for post-conviction relief indicates a conviction date of April 1, 1979. Judge Seth Norman's order of dismissal indicates a conviction date of October 24, 1979. The discrepancy is not material to our disposition of the case.

claims he filed another petition for post-conviction relief in Davidson County on November 28, 1995.

The record shows that the petition for post-conviction relief at issue here was filed on May 28, 1997. The trial court appointed counsel, and an amended petition was filed on August 14, 1997. The Davidson County Court dismissed the petition as time barred on November 18, 1997. This appeal followed.

When petitioner pled guilty in 1979, there was no statute of limitations on the filing of petitions for post-conviction relief. However, Tenn. Code Ann. § 40-30-102 (repealed 1995) established a three-year statute of limitations effective July 1, 1986. Petitioner argues that limitations period did not become applicable to his case until October of 1993 when his Hamilton County convictions were enhanced by the 1979 conviction. Thus, he reasons, he had until 1996 in which to file a petition seeking relief.

The state argues that the statute of limitations on petitioner's claim in this case expired in 1989. We agree. The conviction on petitioner's guilty plea became final in 1979. He had until June 30, 1989, in which to file a petition challenging that plea. *See* Potts v. State, 833 S.W.2d 60, 61 (Tenn. 1992). The fact that the conviction was used to enhance a sentence in 1993 does not reactivate the limitations period. *See* Watt v. State, 894 S.W.2d 307, 309 (Tenn. Crim. App. 1994).

Under the 1995 Post-Conviction Procedure Act, which repealed the prior Act, petitioner's claim is still time barred. Tenn. Code Ann. § 40-30-202 established a one-year statute of limitations for post-conviction claims, but did not grant an additional year to petitioners whose statute of limitations expired prior to May 10, 1995. Carter v. State, 952 S.W.2d 417, 420 (Tenn. 1997). As discussed above,

2

petitioner's claim expired in 1989. Nothing prevented petitioner from filing a petition for relief prior to 1989.

The judgment of the trial court is affirmed pursuant to Rule 20, Tennessee Court of Criminal Appeals. It appearing that the appellant is indigent, costs shall be taxed to the state.

So ordered. Enter:

_____
**JOE G. RILEY, JUDGE**

**CONCUR:**

_____
**DAVID H. WELLES, JUDGE**

_____
**JOHN EVERETT WILLIAMS, JUDGE**