## IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

### AT KNOXVILLE

**MARCH 1999 SESSION**

**FILED**

**May 26, 1999**

**Cecil Crowson, Jr.**
**Appellate Court Clerk**

| | | |
|---|---|---|
| **CHARLES BOBO,** | * | C.C.A. 03C01-9802-CR-00064 |
| Appellant, | * | WASHINGTON COUNTY |
| vs. | * | Hon. R. Jerry Beck, Judge |
| **STATE OF TENNESSEE,** | * | (Post-Conviction) |
| Appellee. | * | |

For Appellant:

Deborah Black Huskins
Office of District Public Defender
142 East Market Street
Johnson City, TN 37601

Charles Bobo, #129349
P.O. Box 5000
Mountain City, TN 37683

John E. Herbison
2016 Eighth Avenue South
Nashville, TN 37204

For Appellee:

John Knox Walkup
Attorney General and Reporter
425 Fifth Avenue North
Nashville, TN 37243-0493

Ellen H. Pollack
Assistant Attorney General
Criminal Justice Division
425 Fifth Avenue North
Nashville, TN 37243-0493

OPINION FILED: _____

AFFIRMED

NORMA MCGEE OGLE, JUDGE

## OPINION

The petitioner, Charles Bobo, appeals the Washington County

Criminal Court's dismissal of his petition for post-conviction relief.  On appeal, the

petitioner essentially raises the following issues for our consideration:

> 1.      Whether the applicable statute of limitations
>         bars the petitioner's claims that the jury
>         instructions in his case violated the
>         holdings of the United States Supreme
>         Court in Sandstrom v. Montana, 442 U.S.
>         510, 99 S.Ct. 2450 (1979), and Cage v.
>         Louisiana, 498 U.S. 39, 111 S.Ct. 328
>         (1990); and
>
> 2.      Whether the Tennessee Supreme Court's
>         decision in State v. Brown, 836 S.W.2d 530
>         (Tenn. 1992), should be applied
>         retroactively to the petitioner's case.

Following a review of the record and the parties' briefs, we affirm the judgment of

the trial court.

## I.  Factual Background

On June 16, 1980, the petitioner was convicted in the Criminal Court of

Washington County of premeditated first degree murder.  This court affirmed the

appellant's conviction and sentence on direct appeal.  State v. Bobo, No. 150 (Tenn.

Crim. App. at Knoxville), perm. to appeal denied, (Tenn. 1981).  On May 10, 1996,

the petitioner filed pro se a petition for post-conviction relief in the Criminal Court of

Washington County.  The post-conviction court appointed the District Public

Defender to represent the petitioner.  The Public Defender filed an amended petition

on December 12, 1996.  On January 7, 1998, the post-conviction court denied the

petitioner relief without affording him an evidentiary hearing.  The court concluded

that the petitioner's claims pursuant to Sandstrom, 442 U.S. at 510, 99 S.Ct. at

2450, and Cage, 498 U.S. at 39, 111 S.Ct. at 328, were barred by the applicable

statute of limitations.  With respect to the petitioner's claim pursuant to Brown, 836

2

S.W.2d at 530, the court concluded that, although the issue was not time-barred, Brown could not be applied retroactively to the petitioner's case and did not implicate the petitioner's constitutional rights.

On appeal, the petitioner was represented by an attorney serving pursuant to a contract with the District Public Defenders' Conference. The petitioner's attorney submitted a brief pursuant to Anders v. California, 386 U.S. 738, 87 S.Ct. 1396 (1967), and simultaneously submitted a Motion to Withdraw due to the frivolous nature of the appeal. This court granted the Motion to Withdraw and accorded the petitioner time within which to file additional arguments. The petitioner submitted pro se an amendment to the Anders brief. The District Public Defender for Washington County filed an additional amendment to the Anders brief. This court's statement of the petitioner's issues on appeal encompasses the arguments raised in all three briefs submitted on his behalf.

## II. Analysis

The petitioner's conviction became final on December 31, 1981. Effective July 1, 1986, the legislature amended the Post-Conviction Procedure Act of 1967 by enacting a three year statute of limitations applicable prospectively to petitions for post-conviction relief. Tenn. Code. Ann. § 40-30-102 (1986). Prior to that date, petitions for post-conviction relief were not subject to any statute of limitations. Carter v. State, 952 S.W.2d 417, 418 (Tenn. 1997); Watt v. State, 894 S.W.2d 307, 308 (Tenn. Crim. App. 1994). Thus, any petitioner whose judgment became final on or before July 1, 1986, had until July 1, 1989, to file a petition for post-conviction relief. Carter, 952 S.W.2d at 418; State v. Masucci, 754 S.W.2d 90, 91 (Tenn. Code. Ann. 1988); Abston v. State, 749 S.W.2d 487, 488 (Tenn. Crim. App. 1988). Effective May 10, 1995, the legislature enacted the Post-Conviction

3

Procedure Act of 1995. The 1995 Act provided a one year statute of limitations for post-conviction petitions. Tenn. Code. Ann. § 4-30-202(a) (1997). However, in Carter v. State, 952 S.W.2d 417, 418 (Tenn. 1997), our supreme court held that "petitioners for whom the statute of limitations expired prior to the effective date of the new Act, i.e., May 10, 1995, do not have an additional year in which to file petitions for post-conviction relief."[1] Accordingly, in the petitioner's case, the applicable three year statute of limitations expired on July 1, 1989.

However, in Burford v. State, 845 S.W.2d 204, 208 (Tenn. 1992), the supreme court held that, in certain circumstances, due process prohibited strict application of the three year statute of limitations. In Sands v. State, 903 S.W.2d 297, 301 (Tenn. 1995), the supreme court explained that, in evaluating a Burford claim, courts are required to utilize a three-step process:

1.    Determine when the limitations period
      would normally have begun to run.

2.    Determine whether the grounds for relief
      actually arose after the limitations period
      would normally have commenced.

3.    If the grounds are later-arising, determine if,
      under the facts of the case, a strict
      application of the limitations period would
      effectively deny the petitioner a reasonable
      opportunity to present the claim.

In any case, if a court's decision announced a new ground for relief, a petitioner was required to file his claim within three years of the court's decision. O'Donnell v. State, 905 S.W.2d 951, 953 (Tenn. Crim. App. 1993). Similarly, under the current statute, a court may consider a petition for post-conviction relief outside the statute of limitations if the claim is filed within one year of a court's ruling establishing a new

_____

[1]

The petitioner asserts that this court should nevertheless address the petitioner's claims, because the supreme court incorrectly interpreted the Post-Conviction Procedure Act of 1995. Suffice it to say that this court is bound by the decision of our supreme court. Thompson v. State, 958 S.W.2d 156, 173 (Tenn. Crim. App.), perm. to appeal denied, (Tenn. 1997).

4

constitutional right not recognized at the time of trial. Tenn. Code. Ann. § 40-30-202(b) (1997). See generally Black v. State, No. 03C01-9710-CC-00466, 1998 WL 379977, at **1-3 (Tenn. Crim. App. at Knoxville), perm. to appeal denied, (Tenn. 1998).

In Sands, 903 S.W.2d at 302, our supreme court concluded that a claim pursuant to Sandstrom, 442 U.S. at 510; 99 S.Ct. at 2450, was not a later-arising ground for Burford purposes. We conclude that the petitioner in this case, as in Sands, was required to assert his Sandstrom claim prior to June 1, 1989. Because he did not do so, his claim is time-barred. See also Morris v. State, No. 03C01-9708-CR-00351, 1998 WL 389023, at *3 (Tenn. Crim. App. at Knoxville, July 14, 1998), perm. to appeal denied, (Tenn. 1999); Pomeroy v. State, No. 01C01-9610-CR-00424, 1998 WL 4723, at *2 (Tenn. Crim. App. at Nashville), perm. to appeal denied, (Tenn. 1998).

With respect to the petitioner's claim pursuant to Cage v. Louisiana, 498 U.S. at 39, 111 S.Ct. at 328, he has failed to include in the record on appeal the challenged jury instruction. In any case, this court has previously questioned whether the Supreme Court's decision in Cage established a new constitutional rule. Smith v. State, No. 03C01-9312-CR-00393, 1994 WL 330132, at *1 (Tenn. Crim. App. at Knoxville, July 1, 1994)("[i]t is doubtful that Cage v. Louisiana ... created a 'new' rule of law" under Burford and Sands). See also Culp v. State, 02C01-9608-CC-00268, 1997 WL 414397, at *3 (Tenn. Crim. App. at Jackson, July 24, 1997)("[w]e ... do not believe that the Cage and Victor line of cases establishes a new constitutional rule for purposes" of the Post-Conviction Procedure Act of 1995). In any event, the petitioner filed the present petition approximately six years after the decision in Cage v. Louisiana. Thus, even if Cage created a new rule of

constitutional law, the petitioner has failed to raise the issue in a timely manner.

See, e.g., Boyd v. State, No. 02C01-9512-CR-00392, 1997 WL 686262, at *4 (Tenn.

Crim. App. at Jackson, November 5, 1997), perm. to appeal denied, (Tenn. 1998);

State v. Johnson, No. 01C01-9610-CR-00442, 1997 WL 738586, at *8 (Tenn. Crim.

App. at Nashville, November 25, 1997), perm. to appeal denied, (Tenn. 1998).

Finally, with respect to the petitioner's claim under State v. Brown, 836

S.W.2d at 530, the petitioner has again failed to include the challenged instruction in

the record before this court.[2] In any case, this court has repeatedly held that Brown

did not announce a new constitutional principle and retroactive application is not

permissible. Thompson, 958 S.W.2d at 173; Loften v. State, 898 S.W.2d 246, 249

(Tenn. Crim. App. 1994); Dyer v. State, No. 03C01-9601-CR-00021, 1997 WL

33623, at **3-4 (Tenn. Crim. App. at Knoxville, January 28, 1997); Rines v. State,

No. 03C01-9606-CC-00210, 1997 WL 33654, at *3 (Tenn. Crim. App. at Knoxville,

January 28, 1997); Drew v. State, No. 02C01-9507-CC-00180, 1996 WL 39367, at

**1-2 (Tenn. Crim. App. at Jackson, January 31, 1996); Spight v. State, No. 02C01-

9502-CR-00034, 1995 WL 686118, at *7 (Tenn. Crim. App. at Jackson, November

15, 1995). Moreover, in Drew, No. 02C01-9507-CC-00180, 1996 WL 39367, at *2,

the court explicitly rejected the petitioner's contention that retroactive application of

Brown should be considered on a case by case basis. "The doctrine of stare decisis

requires that this [c]ourt follow the unwavering prior precedent." Spight, No. 02C01-

9502-CR-00034, 1995 WL 686118, at *7.

For the foregoing reasons, we affirm the judgment of the trial court.

---

[2]The Office of the District Public Defender quoted the challenged instruction in its brief on behalf of the petitioner, citing a portion of the trial transcript not included in the record currently before this court.

_____
Norma McGee Ogle, Judge

_____
Gary R. Wade, Presiding Judge

_____
Cornelia A. Clark, Special Judge