IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs February 6, 2001

## ANTHONY M. FREEMAN v. STATE OF TENNESSEE

**Direct Appeal from the Criminal Court for Shelby County**
**No. P-23725     James C. Beasley, Jr., Judge**

———————

**No. W2000-02001-CCA-R3-CO  - Filed February 26, 2001**

———————

Petitioner, Anthony M. Freeman, appeals the dismissal of his petition seeking a writ of habeas corpus and/or post-conviction relief. We conclude the petition does not state a cognizable claim for habeas corpus relief, and the petition was filed beyond the statute of limitations for post-conviction relief. Accordingly, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

JOE G. RILEY, J., delivered the opinion of the court, in which JOSEPH M. TIPTON and JERRY SMITH, JJ., joined.

Anthony M. Freeman, Talladega, Alabama, *Pro Se.*

Paul G. Summers, Attorney General and Reporter; Clinton J. Morgan, Assistant Attorney General; and William L. Gibbons, District Attorney General, for the appellee, State of Tennessee.

### OPINION

On July 28, 2000, petitioner filed a "Motion and Petition for Writ of Habeas Corpus" challenging the constitutionality of three drug-related guilty pleas entered on June 20, 1989. He alleged the guilty pleas were unknowing and involuntary and resulted from the ineffective assistance of counsel. He further alleged these convictions were used to enhance a subsequent federal sentence, which he apparently is serving in the Federal Correctional Institution in Talladega, Alabama. The trial court treated the pleading as a petition for post-conviction relief and dismissed it as being barred by the statute of limitations. We affirm.

Article I, § 15 of the Tennessee Constitution guarantees the right to seek habeas corpus relief. Tenn. Code Ann. §§ 29-21-101 *et seq.* codifies the applicable procedures for seeking a writ. While there is no statutory time limit in which to file for habeas corpus relief, Tennessee law provides very narrow grounds upon which such relief may be granted. Taylor v. State, 995 S.W.2d 78, 83 (Tenn.

1999).  A habeas corpus petition may be used only to contest void judgments which are facially invalid because (1) the convicting court was without jurisdiction or authority to sentence a defendant; or (2) defendant's sentence has expired.  <u>Archer v. State</u>, 851 S.W.2d 157, 164 (Tenn. 1993).

Even if petitioner's allegations are correct, the judgments are not facially invalid and are not void.  At most, the convictions are voidable and may not be attacked by habeas corpus.

Furthermore, the petition was untimely as a petition seeking post-conviction relief. Petitioner was convicted in 1989, and the statute of limitations expired three years later.  *See* Tenn. Code Ann. § 40-30-102 (Supp. 1989).  The Post-Conviction Procedure Act of 1995 does not provide petitioners for whom the statute of limitations had already expired any additional time in which to file a petition for post-conviction relief.  <u>Carter v. State</u>, 952 S.W.2d 417, 420 (Tenn. 1997).  Furthermore, petitioner does not allege any ground that tolls the statute of limitations.  *See* Tenn. Code Ann. § 40-30-202(b) (1997).  The fact that these convictions were not utilized to enhance his federal conviction until recently does not toll the statute of limitations.  <u>Watt v. State</u>, 894 S.W.2d 307, 309 (Tenn. Crim. App. 1994).

The trial court properly dismissed the petition.  The judgment of the trial court is, therefore, affirmed.

_____
JOE G. RILEY, JUDGE