# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE

## DAVID E. GARRISON v. STATE OF TENNESSEE

**Appeal from the Criminal Court for Davidson County**
**No. 2000-C-1424   Cheryl A. Blackburn, Judge**

---

**No. M2003-02137-CCA-R3-PC- Filed October 8, 2004**

---

The Petitioner, David E. Garrison, appeals the trial court's dismissal of his petition for post conviction relief.  The State has filed a motion requesting that this Court affirm the trial court's denial of relief pursuant to Rule 20, Rules of the Court of Criminal Appeals.  The Petitioner filed his petition outside the statute of limitations.  Accordingly, the State's motion is granted, and the judgment of the trial court is affirmed.

**Tenn. R. App. P. 3; Judgment of the Trial Court Affirmed Pursuant to Rule 20, Rules of the Court of Criminal Appeals**

DAVID H. WELLES, J., delivered the opinion of the court, in which JERRY L. SMITH, J., and ROBERT W. WEDEMEYER, J., joined.

David M. Hopkins, for the appellant.

Paul G. Summers, Attorney General & Reporter; Michelle Chapman McIntire, Assistant Attorney General, for the appellee, State of  Tennessee.

### MEMORANDUM OPINION

This matter is before the court upon motion of the appellee, the State of Tennessee, to affirm the judgment in this case pursuant to Rule 20, Rules of the Court of Criminal Appeals.  The petitioner is appealing the trial court's dismissal of his petition for post-conviction relief, following the revocation of his probation.

Petitioner was indicted for one count of especially aggravated kidnapping and three counts of aggravated rape.  On July 30, 2001, the petitioner pled guilty to the amended charge of aggravated assault pursuant to a plea bargain.  Petitioner was sentenced to eight years as a range one offender, pleading out of the range for a class "c" felony.  The remaining counts were dismissed as part of the plea bargain.  Petitioner's sentence was suspended all but time served, and he was placed on supervised probation for a period of seven years.  On January 22, 2003, the trial court revoked

petitioner's probation, and his sentence was placed into effect.

Petitioner filed a pro se petition for post-conviction relief on May 27, 2003, attempting to challenge his convictions by guilty plea on July 30, 2001. Specifically, petitioner contended that his guilty plea was not knowingly and voluntarily entered; that counsel misrepresented that if his probation was revoked, he would receive all of the time he spent on probation as jail credit; that trial counsel failed to adequately investigate the facts of his case; and that trial counsel coerced him into pleading guilty on the day of his trial. The trial court initially determined that the petition for post-conviction relief might be timely filed, appointed counsel, and allowed appointed counsel to file an amended petition. The State filed a motion to dismiss, and the petitioner filed a response. The trial court ultimately determined that the petition was untimely, as it was filed more than one year after the petitioner's guilty plea on July 30, 2001. The court further determined that where, as here, the court put the original sentence into effect following the probation revocation without altering the sentence, the time period for filing a petition for post-conviction was not extended.

Tennessee Code Annotated Section 40-30-102(a) provides that a petition for post-conviction relief must be filed within one year from final judgment. The appellant filed his petition beyond the time allowed by the statute, and none of the enumerated exceptions to this time limit apply in this case. See Tenn. Code Ann. § 40-30-102(b). Under the Post-Conviction Procedure Act, exceptions to the statute of limitations are explicitly set forth, *i.e.,* (1) claims based upon a new rule of constitutional law applicable to a petitioner's case, (2) claims based upon new scientific evidence showing innocence, and (3) claims based upon sentences that were enhanced because of a previous conviction and the previous conviction was subsequently found to be illegal. See Tenn. Code Ann. § 40-30-102(b)(1)-(3) (2003 Repl.). Petitioner has failed to assert one of these exceptions for tolling the statute. He cites no new constitutional rule, refers to no new scientific evidence, and makes no claim that an earlier conviction has been overturned. See Tenn. Code Ann. § 40-30-106(g) (2003 Repl.). Moreover, the petitioner's probation revocation did not give rise to a claim for post-conviction relief or a rerunning of the one year statute of limitations. See Young v. State, 101 S.W.3d 430 (Tenn. Crim. App. 2002) explaining that an order revoking suspension of sentence and probation does not impose a new sentence subject to collateral attack under the Tennessee Post-Conviction Procedure Act. As the court contemplated in Young, the revocation of probation may occur long after the one-year statute of limitations has expired for attack of the conviction and original sentence, id. at 432, which is what occurred in this case.

Petitioner argues that the statute of limitations should be tolled by due process considerations pursuant to State v. Williams, 44 S.W.3d 464 (Tenn. 2001). Petitioner cites to Williams and states that "[w]here circumstances beyond the petitioner's control preclude him from actively raising his post-conviction claims, the statute of limitations should be tolled." Petitioner then states that an attorney's misrepresentation, either attributable to deception or other misconduct, would be beyond a defendant's control and therefore tolling of the statute of limitations would be applicable. Specifically, petitioner contends that he did not know the effects of his guilty plea, due to trial counsel's misrepresentations, until after his probation revocation hearing on January 22, 2003. Notwithstanding petitioner's attempt to bring his case under the umbrella of due process tolling

2

contemplated by <u>Williams</u>, the facts of this case simply do not warrant tolling. The misrepresentations by counsel in <u>Williams</u> made it impossible for that petitioner to file his post-conviction petition because petitioner believed his direct appeal was ongoing. <u>Id</u>. at 470-71. In this case, petitioner gives no explanation as to why it was impossible for him to learn of the alleged misrepresentations and timely file his petition. Instead, he simply states that he did not learn of misrepresentations made by counsel prior to or at his guilty plea hearing until after his probation was revoked. The petitioner fails to assert any circumstances that were beyond his control that precluded him from actively raising his post-conviction claims. Accordingly, tolling does not apply.

Finally, petitioner's claim that he was not "in custody" as required by the Post-Conviction Procedure Act while serving probation also fails. For purposes of post-conviction, "one could be presumed to be 'in custody' so long as there is 'any possibility of restraint on liberty,' and there is a danger one might suffer 'any collateral consequences.'" <u>Watt v. State</u>, 894 S.W.2d 307 (Tenn. Crim. App. 1994). Accordingly, petitioner's supervised probation places petitioner in custody for purposes of the post-conviction statute. Petitioner had one year from the date of the final judgment to file his petition for post-conviction relief, and he failed to do so. The trial court was correct in dismissing the petition for post-conviction relief.

Accordingly, the state's motion to affirm is hereby granted. The judgment is affirmed in accordance with Rule 20, Rules of the Court of Criminal Appeals. Because the appellant is indigent, costs are taxed to the State.

 

 

_____
DAVID H. WELLES, JUDGE

3