IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON

## BARRY L. PRICE v. STATE OF TENNESSEE

**Direct Appeal from the Circuit Court for Madison County**
**No. C-07-343     Roy Morgan, Judge**

---

**No. W2007-02639-CCA-R3-PC  - Filed September 8, 2008**

---

This matter is before the court upon the state's motion to affirm the judgment of the post-conviction court by memorandum opinion pursuant to Rule 20 of the Rules of the Court of Criminal Appeals. The petitioner, Barry L. Price, appeals the post-conviction court's dismissal of his petition for post-conviction relief and argues that he received the ineffective assistance of counsel. Upon review of the entire record, including petitioner's Traverse To Appellee's Answers filed on July 29, 2008, we are persuaded that the post-conviction court did not err in dismissing the petitioner's post-conviction petition. This case meets the criteria for affirmance pursuant to Rule 20 of the Rules of the Court of Criminal Appeals. Therefore, we grant the state's motion, and the judgment of the post-conviction court is affirmed.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

J.C. MCLIN, J., delivered the opinion of the court, in which JOHN EVERETT WILLIAMS and CAMILLE R. MCMULLEN, JJ., joined.

Barry L. Price, Pro Se, Memphis, Tennessee.

Robert E. Cooper, Jr., Attorney General and Reporter; and John H. Bledsoe, Assistant Attorney General, for the appellee, State of Tennessee.

### MEMORANDUM OPINION

The petitioner, Barry L. Price, pled guilty in a negotiated plea agreement to three counts of the sale of cocaine, one count of driving on a revoked license, and one count of obtaining money by false pretenses on March 25, 1991. The petitioner was sentenced to ten (10) years in the Tennessee Department of Correction. On October 26, 2007, the petitioner filed a petition for post-conviction relief alleging ineffective assistance of counsel and involuntary entry of guilty pleas. The petition was dismissed by written order of the post-conviction court on November 5, 2007. The petitioner filed a motion for reconsideration. On November 16, 2007, the court denied the petitioner's motion for reconsideration. The petitioner filed a timely notice of appeal challenging the dismissal of his petition for post-conviction relief.

Post-conviction relief is granted when a petitioner's conviction or sentence is void or voidable because of the abridgment of any right guaranteed by the Tennessee or United States Constitution. *See* Tenn. Code Ann. § 40-30-103. Pursuant to Tennessee Code Annotated section 40-30-102, a petition for post-conviction relief must be filed within one year of the final action of the highest state appellate court to which an appeal is taken, or, if no appeal is taken, within one year of the date on which the judgment became final, or consideration of the petition is barred. Tenn. Code Ann. § 40-30-102(a). Time is of the essence in claiming post-conviction relief, and compliance with the one-year statute is an element of the right to file a petition. *Id.* A post-conviction court does not have jurisdiction to consider a petition filed outside the one-year statute of limitations unless: (1) the claim is based on a final appellate court ruling establishing a constitutional right not recognized at the time of trial but given retroactive effect by the appellate court; (2) the claim is based upon new scientific evidence establishing the petitioner is actually innocent; or (3) the claim is based upon sentences that were enhanced because of a previous conviction and the previous conviction was subsequently found to be illegal. *See id.* § 40-30-102(b).

A court may also consider an untimely petition if applying the statute of limitations would deny the petitioner due process. *Burford v. State*, 845 S.W.2d 204, 209-10 (Tenn. 1992). To determine if due process requires tolling of the statute of limitations, a court must: (1) determine when the limitations period would normally have begun to run; (2) determine whether the grounds for relief actually arose after the limitations period would normally have commenced; and (3) if the grounds are later-arising, determine if, under the facts of the case, a strict application of the limitations period would effectively deny the petitioner a reasonable opportunity to present the claim. *Sands v. State*, 903 S.W.2d 297, 301 (Tenn. 1995). Due process requires a weighing of the petitioner's liberty interest against the state's interest in preventing the litigation of stale and fraudulent claims. *Id.*

Upon review, we note that at the time the petitioner was sentenced for his convictions, the statute of limitations for the filing of a petition for post-conviction relief was three years. However, on May 10, 1995, the General Assembly for the State of Tennessee modified the statute of limitations from three years to one year. *See* Tenn. Pub. Acts 207 § 3. The Post Conviction Procedure Act of 1995 does not provide petitioners for whom the statute of limitations had already expired any additional time in which to file a petition for post-conviction relief. *See Carter v. State*, 952 S.W.2d 417, 420 (Tenn. 1997). The petitioner filed his petition more than fifteen years after his sentence became final. Assuming the petitioner was entitled to file a post-conviction petition at any time within a three-year period after his convictions became final, his failure to do so does not now entitle him to relief. "The Tennessee Supreme Court has held that three years is a reasonable amount of time, and therefore, the post-conviction statute of limitations is constitutional and not a violation of [petitioner's] due process rights." *Watt v. State*, 894 S.W.2d 307, 309 (Tenn. Crim. App. 1994)(citing *Burford v. State*, 845 S.W.2d 204 (Tenn. 1992)).

The petitioner argues that he has "suffered collateral legal consequences" because his convictions were used to enhance a federal sentence he received under the Federal Armed Career Criminal Act. The petitioner contends that his petition for post-conviction relief is eligible for review under an exception to the statute of limitations. However, we note that Tennessee Code Annotated section 40-30-102(b)(3) clearly states that an untimely petition may only be heard if:

2

[t]he claim asserted in the petition seeks relief from a sentence that was enhanced because of a previous conviction and the conviction in the case in which the claim is asserted was not a guilty plea with an agreed sentence, and the previous conviction has subsequently been held to be invalid, in which case the petition must be filed within one (1) year of the finality of the ruling holding the previous conviction to be invalid.

Because the petitioner's convictions stem from a negotiated guilty plea agreement, and because those convictions have not been held to be invalid, and the petitioner offers no proof to the contrary, the petitioner is not entitled to consideration of his claims in the post-conviction petition. *See id.* Furthermore, the petitioner does not allege any ground that tolls the statute of limitations. *See* Tenn. Code Ann. § 40-30-102; *see also Sands*, 903 S.W.2d 301. The fact that these prior convictions were utilized to enhance a recent federal sentence does not toll the statute of limitations.

Having concluded, then, that the petition for post-conviction relief is barred because it was untimely filed and no recognized exception permits its reconsideration, we decline to address the merits of the petitioner's claims. The dismissal of the petition for post-conviction relief is affirmed and the petitioner is not entitled to relief.

## CONCLUSION

Upon consideration of the pleadings, the record, and the applicable law, we conclude that the petition was properly dismissed. Accordingly, the state's motion is granted. The judgment of the trial court is affirmed.

_____
J.C. McLIN, JUDGE