IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT JACKSON

APRIL 1997 SESSION



FILED

November 5, 1997

Cecil Crowson, Jr.
Appellate Court Clerk

MICHAEL JOE BOYD,            )
now known as MIKAEEL         )
ABDULLAH ABDUS-SAMAD         )        No. 02C01-9512-CR-00392
                            )
            Appellant,       )        Shelby County
v.                           )
                            )        Honorable Chris Craft, Judge
                            )
STATE OF TENNESSEE,          )         (Capital Post-Conviction)
                            )
            Appellee.        )


For the Appellant:                     For the Appellee:

Paul Bottei                            Charles W. Burson
John Oliva                             Attorney General of Tennessee
704 18th Avenue, South                      and
Nashville, TN 37203                    John P. Cauley
   (AT TRIAL)                          Assistant Attorney General of Tennessee
                                       450 James Robertson Parkway
Paul J. Morrow, Jr.                    Nashville, TN 37243-0493
1320 Andrew Jackson Bldg.
500 Deaderick Street                   John W. Pierotti, Jr.
Nashville, TN 37243                    District Attorney General
   (ON APPEAL)                              and
                                       James C. Beasley, Jr.
                                       Assistant District Attorney General
                                       201 Poplar Avenue
                                       Memphis, TN 38103




OPINION FILED:_____


AFFIRMED

Joseph M. Tipton
Judge

# O P I N I O N

The petitioner, Michael Joe Boyd, now known as Mikaeel Abdullah Abdus-Samad, appeals as of right from the Shelby County Criminal Court's dismissing his second petition for post-conviction relief without conducting an evidentiary hearing. The petitioner raises the following issues on appeal[1]:

> (1) the state withheld exculpatory evidence under Brady v. Maryland, 373 U.S. 83, 83 S. Ct. 1194 (1963), and presented misleading testimony;
>
> (2) African-American jurors were challenged in violation of Batson v. Kentucky, 476 U.S. 79, 106 S. Ct. 1712 (1986);
>
> (3) the lineup was unduly and unconstitutionally suggestive;
>
> (4) the jury instructions on reasonable doubt were unconstitutional;
>
> (5) the jury was not instructed on the essential element of "malice" and thus did not render a constitutional verdict for first degree murder;
>
> (6) the jury instruction on the presumption of malice unconstitutionally shifted the burden of proof to the petitioner;
>
> (7) the trial court unconstitutionally failed to inform jurors that the petitioner was ineligible for parole for a minimum of thirty years, which could be increased to a minimum of sixty years or ninety years by the trial court because of the life sentences imposed for armed robbery;
>
> (8) the prosecutor's closing argument diminished the jury's responsibility in violation of Caldwell v. Mississippi, 472 U.S. 320, 105 S. Ct. 2633 (1985);
>
> (9) the prosecutor introduced and argued a non-statutory aggravating circumstance that the petitioner was on parole at the time of the offense;
>
> (10) the death sentence unconstitutionally infringed upon the petitioner's fundamental right to life;
>
> (11) the jury was subjected to extraneous influences which the petitioner was unable to investigate and present;
>
> (12) counsel at the first post-conviction proceeding was ineffective by willfully refusing to investigate and present

---

[1] The issues are not listed in the same order as by the petitioner in his statement of issues.

2

relevant claims and by failing to investigate and present claims when it was the petitioner's first opportunity to raise them;

(13) the petitioner should be resentenced because of the invalidation of the felony murder aggravating circumstance pursuant to State v. Middlebrooks, 840 S.W.2d 317 (Tenn. 1992); and

(14) this post-conviction proceeding was fundamentally skewed so that the petitioner was unable to investigate his claims and was unable to make a proper record for review.

We disagree with the petitioner's contentions and affirm the judgment of the trial court.

In 1986, the petitioner was convicted of the first degree murder of William Price and received the death penalty. The conviction and sentence were affirmed on direct appeal. State v. Boyd, 797 S.W.2d 589 (Tenn. 1990), cert. denied, 498 U.S. 1074, 111 S. Ct. 800 (1991). On April 1, 1991, the petitioner filed his first petition for post-conviction relief, and the petition was amended on January 21, 1994. The trial court denied the petition, which was affirmed on appeal to this court, but the case is currently pending before the supreme court on a limited appeal. Michael J. Boyd v. State, No. 02C01-9406-CR-00131, Shelby County (Tenn. Crim. App. Feb. 21, 1996), limited app. granted (Tenn. Nov. 25, 1996) (appeal granted solely on Middlebrooks issue).

While the petitioner's first petition was on appeal, he filed a second petition for post-conviction relief on April 20, 1995. The trial court dismissed the second petition without conducting an evidentiary hearing. In dismissing the petition, the trial court held that each of the petitioner's claims with the exception of the Middlebrooks and ineffective assistance of post-conviction counsel issues were barred by the statute of limitations. It concluded that it lacked jurisdiction to decide the Middlebrooks issue because the issue was pending before this court on the appeal of the denial of the first petition for post-conviction relief. With respect to the petitioner's claim of ineffective assistance of post-conviction counsel, the trial court determined that the issue was not

3

a proper ground for post-conviction relief.  The trial court further decided that many of the petitioner's claims were also either waived, previously determined or lacked merit.

## I.  STATUTE OF LIMITATIONS

We will first address the statute of limitations because it determines the outcome of most of the case.  Pursuant to T.C.A. § 40-30-102 (1990) (repealed 1995)[2], a petitioner must petition for post-conviction relief within three years of the date of the final action of the highest state appellate court to which an appeal is taken.  In Burford v. State, 845 S.W.2d 204 (Tenn. 1992), our supreme court held that although the three-year statute of limitations period in T.C.A. § 40-30-102 provides petitioners with a reasonable opportunity to present post-conviction claims and thus usually does not violate due process, application of the statute may violate due process if it bars a claim that is based on grounds for relief that did not exist when the limitations period began to run.  Id. at 208.  Later, in Sands v. State, 903 S.W.2d 297 (Tenn. 1995), the court articulated the following three-step analysis to determine whether Burford tolls the limitations period:

> (1) determine when the limitations period would normally have begun to run;
>
> (2) determine whether the grounds for relief actually arose after the limitations period would normally have commenced; and
>
> (3) if the grounds are "later arising," determine if, under the facts of the case, a strict application of the limitations period would effectively deny the petitioner a reasonable opportunity to present the claim.

Id. at 301.

### A.  BRADY, BATSON AND SUGGESTIVE LINEUP

_____The petitioner argues that his Brady, Batson and suggestive lineup claims should not be procedurally barred because the evidence to support the claims only became available through the requests made by the Capital Case Resource Center in

---

[2] For petitions filed after May 10, 1995, a one-year statute of limitations applies pursuant to T.C.A. § 40-30-202.  1995 Tenn. Pub. Acts, ch. 207, § 3.

January 1995 pursuant to the Tennessee Public Records Act under Capital Case Resource Center v. Woodall, No. 01A01-9104-CH-00150, Davidson County (Tenn. App. Jan. 29, 1992). Regarding his failure to present the claims within three years of Capital Case Resource Center, the petitioner asserts that he did not personally, knowingly and understandingly fail to present the claims in earlier proceedings, including post-conviction proceedings. Rather, he contends that he relied upon counsel who provided ineffective assistance, and he claims that the ineffectiveness is attributable to the state. The petitioner also argues that attorney error constituting ineffective assistance of counsel can be cause for avoiding a procedural bar of his Brady claim because the ineffectiveness is an error "imputed to the state." We agree with the trial court's conclusion that the claims are barred by the statute of limitations.

Applying the test set forth in Sands, the statute of limitations would normally have begun to run on September 24, 1990, when the direct appeal was decided by the Tennessee Supreme Court. See State v. Boyd, 797 S.W.2d 589 (Tenn. 1990), cert. denied, 498 U.S. 1074, 111 S. Ct. 800 (1991). Though we cannot conclude that the petitioner should have known that he had a Brady, Batson, or suggestive lineup claim until the decision of Capital Case Resource Center on January 29, 1992, see State v. Caldwell, 917 S.W.2d 662, 666 n.4 (Tenn. 1996), cert. denied, 117 S. Ct. 148 (1996), the petitioner failed to raise the issues in a timely manner. See O'Donnell v. State, 905 S.W.2d 951, 953 (Tenn. Crim. App. 1993) (petition untimely when filed more than three years after ground for relief arose). The petitioner did not raise the issues in his amended petition to his first petition for post-conviction relief filed on January 21, 1994. Rather, he raised the issues in his second petition for post-conviction relief filed on April 20, 1995, more than three years from the time that he argues his claims were available to him. We hold that the petitioner had a reasonable opportunity to present the Brady, Batson and suggestive lineup claims but failed to do so in a timely manner.

5

As for the petitioner's assertions that he did not personally, knowingly and voluntarily fail to present the Brady claim, the petitioner is bound by the action or inaction of his attorney. See House v. State, 911 S.W.2d 705, 714 (Tenn. 1995). Waiver for post-conviction purposes is determined by an objective standard. Id. Moreover, the petitioner is not constitutionally or statutorily entitled to the effective assistance of post-conviction counsel. Id. at 712. Therefore, the petitioner is bound by his post-conviction counsel's failure to raise the claims either in the first post-conviction proceeding or within three years of Capital Case Resource Center. The petitioner's Brady, Batson and suggestive lineup claims are barred by the statute of limitations.

## B. REASONABLE DOUBT INSTRUCTION

The petitioner contends that his claim that the reasonable doubt jury instruction was unconstitutional should not be barred by the statute of limitations. He cites Victor v. Nebraska, 511 U.S. 1, 114 S. Ct. 1239 (1994), to argue that the claim relates to a fundamental error which should be applied retroactively. However, he fails to recognize that the jury instructions given in Victor were held to be constitutional by the Supreme Court. Id. at 1251. Moreover, the argument relating to the use of the term "moral certainty" within a reasonable doubt jury instruction was analyzed under the Supreme Court's earlier ruling in Cage v. Louisiana, 498 U.S. 39, 111 S. Ct. 328 (1990). Therefore, the petitioner's reliance on Victor for the creation of a new constitutional rule is misplaced. The petitioner also cites Cage and Rickman v. Dutton, 864 F. Supp. 686 (M.D. Tenn. 1994), for his claim that the reasonable doubt jury instruction was unconstitutional. We hold that the trial court properly applied T.C.A. § 40-30-102 (1990) to bar the claim for post-conviction relief.

The petitioner filed the present petition approximately five years after the decision in Cage v. Louisiana. Thus, even if it created a new rule of constitutional law, the petitioner has failed to raise the issue in a timely manner. See O'Donnell, 905 S.W.2d at 953 (petition untimely when filed more than three years after ground for relief

6

arose).  Also, we believe that <u>Rickman</u> did not create a new constitutional rule that would justify allowing the petitioner's claim at the present time.  Therefore, the claim is barred by the statute of limitations.  In any event, the courts of this state have repeatedly upheld the use of the phrase "moral certainty" in the context of the reasonable doubt jury instruction given at the petitioner's trial.  <u>See</u>, <u>e.g.</u>, <u>Nichols v. State</u>, 877 S.W.2d 722, 734 (Tenn. 1994); <u>State v. Sexton</u>, 917 S.W.2d 263, 266 (Tenn. Crim. App. 1995); <u>Pettyjohn v. State</u>, 885 S.W.2d 364, 366 (Tenn. Crim. App. 1994).

### C.  FAILURE TO INSTRUCT ON ELEMENT OF MALICE

The petitioner asserts that the jury did not render a constitutional jury verdict for first degree murder because the trial court failed to instruct the jury that "malice" was an essential element of felony murder and instead instructed the jury that it was not required to find malice if the other elements of felony murder were established beyond a reasonable doubt.  The petitioner does not cite a case establishing a new rule of constitutional law for purposes of tolling the statute of limitations.  Instead, he argues that this court should recognize the claim because it constitutes a new rule of law which must be applied retroactively as it represents a fundamental error.  However, Tennessee courts have determined that the state need not prove a separate element of malice for a felony murder conviction, it being necessarily implied as a matter of law from the killing during the perpetration of one of the listed felonies.  <u>See</u> <u>Middlebrooks</u>, 840 S.W.2d at 336.  <u>State v. Norris</u>, 684 S.W.2d 650, 652 (Tenn. Crim. App. 1984).  Therefore, a new rule of constitutional law was not created, and the claim is barred by the statute of limitations.

### D.  INSTRUCTION ON PRESUMPTION OF MALICE

7

The petitioner contends that the trial court's instructions to the jury that a rebuttable presumption[3] of malice arose if the state established beyond a reasonable doubt that a killing occurred unconstitutionally shifted the burden of proof to the petitioner. The petitioner does not cite a case establishing a new rule of constitutional law for purposes of allowing his claims. Instead, he asserts that the recognition of this claim would establish a new rule of law which should be applied retroactively.

We note that the petitioner's contentions relate to errors recognized in Sandstrom v. Montana, 442 U.S. 510, 99 S. Ct. 2450 (1979), and in State v. Bolin, 678 S.W.2d 40 (Tenn. 1984). Therefore, the petitioner should have been aware of the claim at the time of his trial, on appeal, and during his first post-conviction proceeding; yet he failed to raise the claim. Under these circumstances, the claim is barred by the statute of limitations.

**E. OTHER CLAIMS**

The petitioner also alleges that he is entitled to post-conviction relief because (1) the trial court failed to instruct the jury regarding the petitioner's ineligibility for parole, (2) the prosecutor's closing argument diminished the jury's responsibility under Caldwell, (3) the prosecution argued and introduced a nonstatutory aggravating circumstance that the petitioner was on parole at the time of the offense, (4) the death sentence unconstitutionally infringed upon the petitioner's fundamental right to life, and (5) the jury was subjected to extraneous influences. However, he does not state why the statute of limitations should not bar the claims. The petitioner's grounds for relief existed at the time the statute of limitations began to run. Therefore, Burford's tolling

---

[3] The petitioner incorrectly refers to the instruction as given by the trial court as creating a "presumption." Though the jury instructions are not contained in the record, the petitioner summarizes in his brief the relevant portion of the jury instruction: "'If the state has proven beyond a reasonable doubt that a killing occurred, then you may infer that the killing was done maliciously, but this inference may be rebutted by either direct or circumstantial evidence, or by both, regardless of whether the same be offered the defendant, or exists in the evidence of the state.'" (Emphasis added).

8

provisions do not apply. The trial court correctly determined that the claims are barred by the statute of limitations.

## II. INEFFECTIVE ASSISTANCE OF POST-CONVICTION COUNSEL

The petitioner contends that counsel for his first post-conviction proceeding provided ineffective assistance of counsel by refusing to investigate and present relevant claims and by failing to investigate and present claims when it was the petitioner's first opportunity to raise them. However, this court is bound by our supreme court's decision in House v. State, 911 S.W.2d 705 (Tenn. 1995), that there is neither a constitutional nor a statutory right to the effective assistance of post-conviction counsel. We agree with the trial court's decision that the claim of ineffective assistance of post-conviction counsel is not a proper ground for post-conviction relief.

## III. MIDDLEBROOKS

The petitioner asserts that he is entitled to resentencing due to the invalidation of the felony murder aggravating circumstance pursuant to State v. Middlebrooks, 840 S.W.2d 317 (Tenn. 1992). However, he does not present any argument in support of his claim because the exact issue is pending before our supreme court on appeal from the denial of his first petition for post-conviction relief. See Michael J. Boyd v. State, No. 02C01-9406-CR-00131, Shelby County (Tenn. Crim. App. Feb. 21, 1996), limited app. granted (Tenn. Nov. 25, 1996) (appeal granted solely on Middlebrooks issue). Rather, the petitioner "respectfully reserves the right to submit a supplemental brief on this issue at a later time for this Court's consideration in the unlikely event that any questions concerning the application of . . . Middlebrooks . . . to this case remain after the Tennessee Supreme Court renders its opinion." However, no such right exists. Pursuant to Tenn. Ct. Crim. App. R. 10(b), the failure to support issues with argument constitutes a waiver of the issue. Moreover, this court has

9

previously decided the Middlebrooks issue, and, thus, the issue is previously

determined under T.C.A. § 40-30-112 (1990). See House, 911 S.W.2d at 711.


## IV. POST-CONVICTION PROCEEDING PROCEDURES

The petitioner raises several claims with regard to the procedure used by

the trial court in conducting the post-conviction proceedings. He complains that the

post-conviction proceeding was fundamentally skewed so that he was unable to

investigate his claims and unable to make a proper record for review. The petitioner

contends that the trial court erred in the following ways: (1) by failing to grant the

petitioner's motion to proceed ex parte to make a showing of need for funds under

Owens v. State, 908 S.W.2d 923 (Tenn. 1995), and by failing to grant funds; (2) by

failing to grant the petitioner's motion for a transcript of the severed codefendant's trial;

(3) by failing to grant the petitioner's motion to produce all physical and forensic

evidence; (4) by failing to grant the petitioner's motion for the disclosure of exculpatory

evidence; and (5) by failing to require the state to produce the entire record for the

petitioner's counsel to review, (6) by ruling on the petition without reviewing the entire

record, and (7) by failing to ensure the petitioner's presence at the hearing. We

disagree with each of the petitioner's contentions. The trial court properly dismissed the

petition summarily without ruling on the motions. The petitioner's grounds for post-

conviction relief were either barred by the statute of limitations, previously determined,

or did not state a proper claim for post-conviction relief. These preliminary conclusions

foreclosed any need for further trial court action in this case.


In consideration of the foregoing and the record as a whole, we affirm the

trial court's dismissal of the petition.


_____
Joseph M. Tipton, Judge


10

CONCUR:


_____
David G. Hayes, Judge


_____
William M. Barker, Judge


.